UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALLEN CECIL, CDCR #AF-5647,<br><br>         Plaintiff,<br><br>  vs.<br><br>RALPH DIAZ,<br><br>         Defendant. | Case No.: 3:19-cv-02404-LAB-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)(1)** |

  Gary Allen Cecil ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action, which he filed pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1 at 1.) In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his prison certificate issued an RJD accounting official, along with a certified copy of his inmate trust account statement. *See* ECF No. 3 at 1-3. Plaintiff's statements show that he has had no monthly deposits and has carried an average balance of zero in his account during the 6-month period preceding the filing of this action and had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or

criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

3

12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff states that he was a "290 registration requirement[1]" from a "1980 adult rape conviction." (Compl. at 2.) Plaintiff alleges that this requirement causes him to be "discriminated against due to the emergency order placed in effect December 10, 2018 by Secretary Ralph M. Diaz." (*Id.*) Plaintiff is serving a sentence of "35 to life with possibility of parole." (*Id.*) He claims that he was designated "nonviolent." (*Id.*)

Plaintiff alleges he "should be eligible for parole consideration and review per state voter approval of Prop 57[2]." (*Id.*) However, Plaintiff alleges that he has been excluded

---

[1] Section 290 of the California Penal Code is entitled "Sex Offender Registration Act; lifetime duty to register within specified number of days following entrance into or moving within a jurisdiction; offenses requiring mandatory registration." Cal. Penal Code § 290.

[2] After Proposition 57 was passed in November 2016, "the CDCR issued new regulations that governed the ability of inmates to earn custody credits to advance their parole dates." *Rodriguez v. Kernan*, 2019 WL 3425335, at *2 (E.D. Cal. July 30, 2019) (citing *People v. Contreras*, 4 Cal.5th 349, 374 (2018), *as modified* (Apr. 11, 2018)). Section 3043(b) of title 15 of the California Code of Regulation provides that "[a]ll eligible inmates shall have a reasonable opportunity to earn Good Conduct Credit, Milestone Completion

4

from parole consideration due to the "290 PC requirement." (*Id.*) Plaintiff alleges that prisoners who are not required to register as sex offenders are eligible for parole consideration and are "being given parole review dates" even though they have the "same criminal threat and/or stalking offenses" as Plaintiff. (*Id.*) Plaintiff seeks injunctive relief and monetary damages. (*See id.* at 7.)

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. *Heck* Bar

Plaintiff's Complaint is subject to sua sponte dismissal to the extent he either seeks to challenge the application of Proposition 57 to the circumstances or validity of his criminal conviction, or to the extent he objects to the length of his sentence—due to the purported denial of his parole consideration and review. (*See* Compl. at 3.)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or

---

Credit, Rehabilitative Achievement Credit, and Educational Merit Credit in a manner consistent with the availability of staff, space, and resources, as well as the unique safety and security considerations of each prison." Cal. Code Regs. tit. 15, § 3043(b); *Rodriguez*, 2019 WL 3425335, at *2.

duration of his conviction or sentence. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

In *Heck v. Humphrey*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *Heck* requires the plaintiff in a § 1983 action "first … to prove that his conviction had been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 486). "This favorable-termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." *Id.* (quoting *Heck*, 512 U.S. at 487).

First, Plaintiff does not allege that his conviction or sentence has been previously invalidated. *Id*. And to the extent he infers Defendants will not allow him to be eligible for parole consideration, such claims, if successful, would affect the length of his confinement. *Ramirez*, 334 F.3d at 856. Therefore, he cannot pursue these claims in a civil rights action pursuant to 42 U.S.C. § 1983. He must instead seek relief in state court, or in a federal habeas action, if he pursues it at all. *See generally Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as petition for writ of habeas corpus).

E. <u>Equal Protection claim</u>

The Equal Protection Clause of the Fourteenth Amendment requires only that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living*

*Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Sex offenders do not constitute a suspect class for equal protection purposes. *See United States v. LeMay,* 260 F.3d 1018, 1030-31 (9th Cir. 2001).

Where no suspect class or fundamental right is implicated, equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Thus, to the extent Plaintiff claims he is being denied "equal treatment" because he is treated differently from persons convicted of nonviolent felonies who are not sex offenders, he fails to state an equal protection claim. This is because Plaintiff fails to allege both that he is similarly situated, and that there is no rational basis to treat prisoners differently. "The Constitution permits qualitative differences in meting out punishments and there is no requirements that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970). "Inmates are not entitled to identical treatment as other inmates merely because they are all inmates." *McQuery v. Blodgett*, 924 F.2d 829, 834–35 (9th Cir. 1991) (citing *Norvell v. Illinois*, 373 U.S. 420 (1963)). A mere demonstration of inequality is not enough to establish a

7

violation of the equal protection clause. *Id.*; *see also McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973) (applying rational basis review to state statutory scheme that treated inmates held in county facilities differently than those held in state facilities); *see also Sigur v. California Dep't of Corr. & Rehab.*, 2018 WL 2734918, at *4 (E.D. Cal. June 7, 2018) (sua sponte dismissing claims that defendants treated non-violent sex offenders differently under Proposition 57 pursuant to 28 U.S.C. § 1915A on equal protection grounds); *Mason v. Holt*, 2016 WL 6136076, at *7 (E.D. Cal. Oct. 21, 2016) (dismissing finding Prop. 57 prisoner's equal protection challenge with regard to eligibility for work credits because the distinctions made between county and prison custody credits as a result of realignment are "not arbitrary and bear a rational relationship to a legitimate government interest."); *People v. Lara*, 54 Cal. 4th 896, 906 (2012) ("[P]risoners who serve their pretrial detention before … [Prop. 57's] effective date, and those who serve their detention thereafter, are not similarly situated."); *Cruz*, 207 Cal. App. 4th at 680 (holding that "[t]he distinction drawn by section 1170, subdivision (h)(6), between felony offenders sentenced before, and those sentenced on or after, October 1, 2011, does not violate equal protection.").

### F. Leave to Amend

In light of his pro se status, the Court will grant Plaintiff leave to amend his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

/ / /

/ / /

/ / /

/ / /

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

5. **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See*

*Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: February 10, 2020

*[signature]*
Hon. Larry Alan Burns, Chief Judge
United States District Court